THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL CASSISA, Appellant.— In a *coram nobis* proceeding to vacate a judgment of the Supreme Court, Queens County, rendered February 15, 1963, upon a jury verdict, defendant appeals from two orders of the Supreme Court, Queens County, one dated April 9, 1969 denying the application without a hearing, and the other, dated April 14, 1969, granting reargument but adhering to the original decision. Appeal from order dated April 9, 1969 dismissed as academic. That order was superseded by the order granting reargument. Appeal from so much of the order dated April 14, 1969 as granted reargument dismissed. Appellant is not aggrieved by that part of this order. Otherwise, order dated April 14, 1969 reversed, on the law and the facts; application granted; judgment of conviction vacated; and case remitted to the Criminal Term for further proceedings not inconsistent herewith. During the trial, three police officers testified as to confessions made by a codefendant which implicated appellant in the two separate robberies for which they were being tried. In his petition in this proceeding, appellant contended that the introduction of this testimony violated his right to cross-examine and confront his codefendant under the rule laid down in *Bruton* v. *United States* (391 U. S. 123). The People argued, and the Criminal Term agreed, that the error committed by the introduction of this testimony was harmless. The People relied on the recently enunciated rule in *Harrington* v. *California* (395 U. S. 250) that a violation of the right to confront and cross-examine a nontestifying codefendant may, under certain circumstances, be considered harmless error as defined in *Chapman* v. *California* (386 U. S. 18). The trial minutes indicate that appellant was indicted and jointly tried for the two robberies along with his codefendant. The victim of the first robbery identified the defendants and some clothing which appellant allegedly wore. The two victims of the second robbery identified the defendants as the perpetrators. At this point the People introduced the statements of the codefendant through the testimony of the three police officers. Appellant produced two alibi witnesses and he also took the stand and denied he had participated in the robberies. The first alibi witness, a woman who had a store next to appellant's fish store, testified she saw him at his store on the evening of the second robbery. The second robbery had occurred in Queens County at 9:30 P.M. and the witness placed appellant in Brooklyn at that time. The second alibi witness, appellant's wife, testified he was at home at the time of the commission of the first robbery. Appellant testified he had not committed either of the robberies. He asserted he was at home when the first one was committed, was in his store when the second one was committed, and the clothing which the first victim had identified had been taken from his store by the police. The testimony of the three police officers concerning the codefendant's statements placed appellant at the scenes of the two robberies. It served both to bolster the testimony of the witnesses for the People and to contradict the

testimony presented on appellant's behalf. In *Harrington* (*supra*), the court stated (p. 254): " It is argued that we must reverse if we can imagine a single juror whose mind might have been made up because of Cooper's and Bosby's [the non-testifying codefendants] confessions and who otherwise would have remained in doubt and unconvinced. We of course do not know the jurors who sat. *Our judgment must be based on our own reading of the record and on what seems to us to have been the probable impact of the two confessions on the minds of an average jury.* We admonished in *Chapman*, 386 U. S., at 23, against giving too much emphasis to ' overwhelming evidence' of guilt, stating that constitutional errors affecting the substantial rights of the aggrieved party could not be considered to be harmless. *By that test we cannot impute* reversible weight to the other two confessions " (emphasis supplied). In a recently decided case — *People* v. *Baker* (26 N Y 2d 169) — the Court of Appeals squarely held that the test to be applied, when a claim is made that a violation of *Bruton* (*supra*) is harmless error, is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. Upon the facts of the case at bar and in view of the test laid down in *Harrington* (*supra*), *Chapman* (*supra*) and *Baker* (*supra*) we cannot state that the violation of *Bruton* (*supra*) was harmless error. The evidence of guilt is not so overwhelming (as it was in *Harrington* [*supra*]) that we can conclude that the violation of the *Bruton* (*supra*) rule did not contribute to the conviction. Christ, Acting P. J., Benjamin and Martuscello, JJ., concur; Munder, J., concurs in dismissal of appeal from order dated April 9, 1969 and in dismissal of appeal in part from order dated April 14, 1969, but otherwise dissents and votes to affirm the order dated April 14, 1969 insofar as it adhered to the original decision, with the following memorandum: The totality of direct evidence against appellant was overwhelming. He was identified by the victim of the first robbery and by the two victims of the second robbery. The first victim also described the jacket and hat worn by appellant during the commission of the crime; and these items were later found in appellant's store and appellant admitted ownership of them. I acknowledge the impropriety of the testimony of the three detectives as to the codefendant's statements made to them, but I do not find that the impropriety requires reversal. The testimony of the detectives in no way tainted the direct evidence which clearly established appellant's guilt. Appellant produced two alibi witnesses, his wife and a neighbor, and he himself testified in exculpation, but the jury chose to disbelieve all three. The following excerpt from the majority opinion in *Harrington* v. *California* (395 U. S. 250, 254) is apropos: " Our decision is based on the evidence in this record. The case against Harrington was not woven from circumstantial evidence. It is so overwhelming that unless we say that no violation of *Bruton* can constitute harmless error, we must leave this state conviction undisturbed." At bar, the case against appellant was not woven from circumstantial evidence. Were the statements testified to by the detectives deleted from the record, to use the language of the Court of Appeals in *People* v. *Pelow* (24 N Y 2d 161, 167), " there would remain an overabundance of admissible evidence establishing the defendant's guilt beyond a reasonable doubt. (See *People* v. *Kingston*, 8 N Y 2d 384, 387; *People* v. *Cocco*, 305 N. Y. 282, 288.) The error committed must, therefore, be considered harmless pursuant to our rules of criminal procedure. (Code Crim. Pro., § 542.)" (See, also, *People* v. *Moll*, 26 N Y 2d 1; *People* v. *Moore*, 32 A D 2d 515.) It is my opinion that *People* v. *Baker* (26 N Y 2d 169), cited by the majority, does nothing to undermine the rationale of *Pelow* (*supra*) and does not mandate a reversal in the instant case. (Beldock, P. J., deceased.)